[Cite as *In re T.L.*, 2013-Ohio-3356.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE:  T. L. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 12-CA-81 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas, Juvenile Division, Case No.
                                 A2012-0059


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                July 30, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JENNA E. JOSEPH                           CHARLYN BOHLAND
20 South Second Street                    250 East Broad Street
4th Floor                                 Suite 1400
Newark, OH  43055                         Columbus, OH  43215

*Farmer, J.*

{¶1}   On January 26, 2012, a complaint was filed in the Licking County Juvenile Court alleging then thirteen year old appellant, T. L., delinquent for committing rape in violation of R.C. 2907.02.   Appellant underwent a psychological evaluation, and a competency report was filed on February 17, 2012 wherein appellant was found to be competent to participate in his own defense and to comprehend the wrongfulness of his actions he had been accused of.

{¶2}   On April 24, 2012, appellant admitted to an amended charge of gross sexual imposition in violation of R.C. 2907.05.   By judgment entry filed same date, the trial court adjudicated appellant as delinquent.   By judgment entry filed May 24, 2012, the trial court committed appellant to the Department of Youth services for a minimum of six months to a maximum of his twenty-first birthday.   The trial court suspended the commitment on the condition that appellant successfully complete treatment at West Central Rehabilitation Center and follow the rules of probation.

{¶3}   Pursuant to a remand by this court, a magistrate's decision was filed on June 14, 2013 setting forth the reasons for finding appellant competent.   The trial court approved and adopted the decision on same date.   No objections were filed.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignments of error are as follows:

I

{¶5}   "THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT FOUND [T.] COMPETENT TO STAND TRIAL IN VIOLATION OF THE FIFTH AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

II

{¶6}   "[T.] WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW WHEN HE WAS ADJUDICATED DELINQUENT WHEN HE WAS INCOMPETENT TO STAND TRIAL, IN VIOLATION OF R.C. 2152.51, R.C. 2152.52, R.C. 2152.58, THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

III

{¶7}   "[T.] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

I

{¶8}   Appellant claims the trial court erred in its interpretation of R.C. 2152.52(A)(2) regarding the presumption of competency as it incorrectly applied the statute in reviewing his competency and his stipulated to evaluation.  We disagree.

{¶9}   R.C. 2152.52(A)(2) states the following:

In any proceeding under this chapter other than a proceeding alleging that a child is an unruly child or a juvenile traffic offender, if the child who is the subject of the proceeding is fourteen years of age or older and if the child is not otherwise found to be mentally ill, intellectually

disabled, or developmentally disabled, it is rebuttably presumed that the child does not have a lack of mental capacity. This presumption applies only in making a determination as to whether the child has a lack of mental capacity and shall not be used or applicable for any other purpose.

{¶10} During appellant's initial hearing, the trial court stated the following (January 26, 2012 T. at 4):

THE COURT: All right. Given the fact that he has been found incompetent to stand trial once for – once before, are you going to raise that issue?

MR. DONNELL: I am, Your Honor.

THE COURT: In light of the history, I don't think I have any choice but to go ahead and order a – an updated psychological evaluation.  We'll send it back to Dr. Miller.  He won't have to start – I assume he did the original evaluation.

MR. DONNELL: He did.  He did, Your Honor.

THE COURT: So he won't have to start from scratch, he knows the whole history.  And he'll basically do an updated report, and that may expedite things a little bit since has some background, but he can give us an up – an updated determination given that T.L. is now just two months short of being 14.  That leaves us with the issue of what's going to happen to T.L. between now and the time of any further hearings.

{¶11} During the competency review (April 24, 2012 T. at 6), the prosecutor stated, "[t]he State would just request that the Court consider that report, and note that [T.]'s now 14 years old as of March 25th creating a presumption that he does not lack the mental competency under 2152.52(A)(2)."

{¶12} Appellant argues the prosecutor's misstatement of the burden relative to competency unlawfully colored the trial court's review of the competency evaluation. We disagree, and find R.C. 2152.52(A)(2) did not have any bearing on the trial court's decision. During the April 24, 2012 hearing, the trial court enumerated its reasons for finding competency (T. at 6):

THE COURT: I'll just read the last paragraph of Dr. Miller's report into the record.

Although he has limited cognitive ability, he is being treated with medication at this time. It appears that he has sufficient ability to consult with his attorney with a reasonable degree of rational understanding, and has a rational as well as a factual understanding of the proceedings against him. Although his understanding may be limited, the comprehension of the facts rudimentary with careful explanation, he is felt to be competent to participate in his own defense and to comprehend the wrongfulness of the actions he's been accused of. Signed, Dr. Cecil Miller, Ph.D.

{¶13} The trial court's statement does not comment on R.C. 2152.52(A)(2) and the trial court was clear that it considered appellant's lack of cognitive skills. Further, Dr. Miller's evaluation acknowledged that appellant had previously been found not to be competent in June 2010 and had an extensive history of mental health treatment (Report filed under Seal February 9, 2012).

{¶14} On June 14, 2013, the trial court entered the following reasons for finding appellant competent relative to R.C. 2152.52(A)(2):

3. The Magistrate observed and interacted with [T.L.] in several hearings. [T.] is a slow and troubled youngster. However, [T.] gave no indication that he was out of touch with reality, that he was unable to understand the English language, that he was unable to distinguish right from wrong, that he was unable to distinguish the truth from a lie, or that he was unable to understand the essentials of the ongoing court proceedings.

4. Dr. Cecil Miller is a clinical psychologist licensed to practice in the State of Ohio. Over the past twenty-five years, Dr. Miller has conducted hundreds of mental evaluations for the Licking County Juvenile Court. No party opted to challenge Dr. Miller's credentials.

5. The Magistrate accepts and adopts Dr. Miller's conclusions that although [T.] had "limited cognitive ability, he [was] being treated with medication" and had "sufficient ability to consult with attorney with a reasonable degree of rational understanding," had "a rational as well as

factual understanding of the proceedings against him", was "competent to participate in his own defense", and was able to "comprehend the wrongfulness of the actions he has been accused of."

6. The Magistrate finds that [T.L.] is NOT incapable of understanding the nature and objective of the proceedings or in assisting in his own defense. Therefore, the Magistrate finds that [T.L.] is competent to stand trial on the charge of Rape.

{¶15} Appellant argues the competency evaluation does not support the trial court's findings. Once appellant stipulated to the report and the trial court entered its own observations after its interaction with appellant, and the trial court accepted the appropriate burden against incompetency, we find the record as a whole supports the determination on competency.

{¶16} Upon review, we conclude appellant's argument that the determination of his competency was based upon a misapplication of R.C. 2152.52(A)(2) to be without merit.

{¶17} Assignment of Error I is denied.

II

{¶18} Appellant claims the trial court violated the specific procedures for determining competency as the trial court failed to conduct the competency hearing within the mandates of R.C. 2152.58. We disagree.

{¶19} R.C. governs competency hearings. Subsection (A) states: "Not less than fifteen nor more than thirty business days after receiving an evaluation under division

(A) of section 2152.57 of the Revised Code or not less than fifteen nor more than thirty business days after receiving an additional evaluation under division (E) of that section, the court shall hold a hearing to determine the child's competency to participate in the proceeding."

{¶20} Appellant did not object to the timing of the competency hearing. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long,* 53 Ohio St.2d 91 (1978); Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Long.* Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶21} Appellant's report was filed on February 17, 2012, and the hearing was held on April 24, 2012, some forty-six days after the filing of the report. On February 29, 2012, defense counsel requested a second evaluation which was denied on same date. The hearing was originally set for April 4, 2012, but the state requested a continuance due to the unavailability of a witness. Defense counsel consented to the continuance. See, Motion for Continuance filed March 26, 2012. The continuance was granted by the trial court on March 28, 2012, and the matter was rescheduled.

{¶22} The report would have been due March 24, 2012 [R.C. 2152.57(A)], but because the trial court requested an evaluation by Dr. Miller who had evaluated appellant in the past, the report was filed on February 17, 2012. Fifteen to thirty days from that date would have been March 3, 2012 to March 18, 2012. Even though the competency hearing was not held in a timely manner, we cannot find, given the

intervening motions and the stipulation to the report, that appellant demonstrated any prejudice.

{¶23} Assignment of Error II is denied.

III

{¶24} Appellant claims his trial counsel was ineffective for stipulating to Dr. Miller's report. We disagree.

{¶25} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

> 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶26} Appellant argues his trial counsel should have questioned Dr. Miller about his limitations and whether those limitations demonstrated that he was intellectually

disabled. However, the question was not whether appellant was intellectually disabled, but whether or not he was able to understand the nature and seriousness of the offense charged and the various roles of the participants, and whether or not he could cooperate in his own defense.

{¶27} Nothing in the record supports any conclusion different from Dr. Miller's. In fact, the February 17, 2012 report indicates appellant was in a special education program, his WISC-IV results were borderline or extremely low, he has gross visual motor defects, and he has relatively poor short-term memory for designs. All these issues were acknowledged in the report and reviewed by the trial court.

{¶28} We find no evidence of the second prong of *Bradley,* that the outcome would have been different.

{¶29} Assignment of Error III is denied.

{¶30} The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.


_____
Hon. Sheila G. Farmer


_____
Hon. W. Scott Gwin


_____
Hon. Craig B. Baldwin


SGF/sg 717

[Cite as *In re T.L.*, 2013-Ohio-3356.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN RE:  T. L.                                  :
                                               :
                                               :
                                               :
                                               :
                                               :          JUDGMENT ENTRY
                                               :
                                               :
                                               :          CASE NO. 12-CA-81


     For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is affirmed.  Costs to appellant.


_____
Hon. Sheila G. Farmer


_____
Hon. W. Scott Gwin


_____
Hon. Craig B. Baldwin